Saúl **SANTIAGO CORREA**, et al., Plaintiffs,

v.

Rafael **HERNANDEZ COLON**, et al., Defendants.

Civ. No. 85–1440 (JAF).

United States District Court, D. Puerto Rico.

June 14, 1988.

Héctor González-López, San Juan, P.R., for plaintiffs.

Zuleika Llovet, Saldaña, Rey, Moran & Alvarado, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTÉ, District Judge.

This case, a variation on the familiar political dismissal theme, is before us on remand from the First Circuit, *Santiago Correa v. Hernández Colón*, 835 F.2d 395 (1st Cir.1987). Plaintiffs, members of the New Progressive Party ("NPP"), alleged they were dismissed from the positions in the Press Office and as cleaning personnel for La Fortaleza, the Governor's mansion, because of their political affiliation. The Governor, defendant Rafael Hernández Colón, heads the Popular Democratic Party ("PDP"), which defeated the NPP in the 1984 elections.

After a bench trial, we stated our Findings of Fact and Conclusions of Law, *Santiago Correa v. Hernández Colón*, 637 F.Supp. 1159 (D.P.R.1986). We determined that all of the plaintiffs occupied positions of trust or confidence and that, furthermore, plaintiffs failed to present preponderant evidence that they were fired because of their political affiliation. Specifi-

cally, we determined that the two plaintiffs employed in the Press Office and the three as cleaning personnel, did not occupy policymaking positions, but that the Governor was nonetheless entitled to people in those jobs whose trust and loyalty he could count upon. In assessing the reality behind the dismissals, we concluded, "Probably party affiliation played a part, but, in any event, confidence and loyalty ... controlled the decision to dismiss the employees." 637 F.Supp. at 1162.

Upon review, the Circuit determined that the Governor could properly consider political affiliation in evaluating the Press Office employees, 835 F.2d at 398, but that the cleaning personnel could not similarly be classified as "confidential" employees. Because their access to politically sensitive information was "incidental at best", those employees were not dismissable because of their party membership. *Id.*

This case has been remanded to us now because the Circuit found our determination that the cleaning personnel plaintiffs failed to prove political discrimination insufficient in light of our overriding determination that, as trust employees, party affiliation was irrelevant. Before embarking on our required reevaluation of the evidence, we wish to first clarify what appeared to the Circuit as "ambiguous." 835 F.2d at 398, n. 5.

We fail to see any inconsistency between our statement that "[p]robably political affiliation played a part" in the dismissals, and our finding that plaintiffs had unsuccessfully presented a preponderance of evidence to that effect. The former assertion merely reflected our understanding of political realities in Puerto Rico while the latter conveyed our assessment of the case presented in court by the plaintiffs. Indeed, the First Circuit, albeit in the context of a motion for summary judgment, has also seen fit to note this dichotomy so often present in the many partisan dismissal cases emerging from this district court. *See Kauffman v. Puerto Rico Telephone Company*, 841 F.2d 1169, 1172–3 n. 5, (1st Cir.1988).

While throughout the trial we separated the issue of whether political affiliation was an appropriate job criterion from whether it was a factor in plaintiffs' dismissals, we shall now make our holding more explicit.

Careful review of the trial transcript reveals that the cleaning personnel plaintiffs proved only: (1) that they were members of the NPP; (2) that they were convinced defendants knew of their political affiliation; (3) that there were daily reminders of defendants' knowledge via lunchtime and breaktime conversations among employees and the largely unspecified attitudes and occasional actions of their supervisors; and (4) that there was little or no dissatisfaction with their job performance. We find, as we did after the trial, that this does not meet the standard—proof by a preponderance of evidence—required of plaintiffs in proving that their firings were politically motivated. While defendants' attempts to discredit plaintiffs with assertions of inadequate job performance were hardly persuasive, it must be noted that plaintiffs, not defendants, bore the burden of proof. Plaintiffs had to show more than the possibility their dismissals were politically motivated, and they had to show it by more than circumstantial and unsubstantiated allegation. Absent any more particular evidence going directly to defendants' motivations, we cannot find their behavior unconstitutional. *But see Vázquez v. Aponte Roque*, 678 F.Supp. 37, 39 (D.P.R. 1988); *Carrasquillo v. Aponte Roque*, 682 F.Supp. 137, 141 (D.P.R.1988); *Acevedo v. Aponte Roque*, 684 F.Supp. 18, (D.P.R. 1988).

Accordingly, we reaffirm our determination dismissing the complaint in this matter.

IT IS SO ORDERED.