Herbert MENZEL, et al.,
Plaintiffs, Appellants,

v.

WESTERN AUTO SUPPLY COMPANY,
Defendant, Appellee.

No. 87–1689.

United States Court of Appeals,
First Circuit.

Heard Feb. 28, 1988.

Decided June 8, 1988.

Harvey B. Nachman with whom Law Offices of Nachman & Fernández–Seín, Santurce, P.R., was on brief, for plaintiffs, appellants.

Jorge L. Capó–Matos with whom Pedro L. Delgado–Hernández and O'Neill & Borges, Hato Rey, P.R., were on brief, for defendant, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

TORRUELLA, Circuit Judge.

This appeal follows a summary judgment granted to the employer, Western Auto, in an action based on federal and Puerto Rican age discrimination and employment protection statutes. We affirm the judgment below.

The facts of this case, thoroughly explained in *Menzel v. Western Auto Supply Co.*, 662 F.Supp. 731 (D.P.R.1987), need only be outlined for the present discussion.

* Of the District of Massachusetts, sitting by designation.

Plaintiff-appellant Menzel[1] worked in various positions for Western Auto starting in 1978, when he was 49 years old, until his dismissal in 1985, when he was 57 years old. Menzel's work record presents disparate parallel paths. Whereas he was very able in the production side of his tasks, he was persistently incapable of abiding by company guidelines regarding record keeping and other business practices. Thus, while Menzel's record shows awards based on his outstanding productivity, it also shows constant reprimands and warnings concerning his professional tidiness.

Appellant's merits include a "go-getter" award for the best idea of the year, positive evaluations, regular raises, and a transfer to Puerto Rico to head Western Auto's credit division a few months prior to his dismissal. Appellant's demerits include several memoranda from supervisors, sent to him and to one another, insisting on the need to keep accurate records and to follow business practices strictly according to the company's guidelines.

After his dismissal, Menzel sued pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* and under applicable Puerto Rican law. In the complaint Menzel alleged the four elements required for a prima facie case under ADEA, namely that 1) Menzel belonged to the protected class; 2) his job performance was sufficient to meet his employer's legitimate expectations; 3) he was discharged in spite of his performance; and 4) the employer sought a replacement for him. 662 F.Supp. at 740 (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir. 1979)). Western Auto challenged the sufficiency of Menzel's prima facie case arguing that his job performance was not up to its legitimate expectations. Also, Western Auto chose to assume, for argument purposes, that the prima face case was sufficient. Supported by extensive admissible evidence, it articulated nondiscriminatory reasons for the dismissal. After discovery, Western Auto moved for summary judgment, which the court granted.

Menzel's challenge is focused mainly on the court's treatment of his burden once the employer presented nondiscriminatory reasons for the dismissal. Before addressing plaintiff's burden at that stage of an ADEA case, we will briefly outline the conceptual framework of such a case.

■ The burden of persuasion rests solely on the plaintiff throughout the case. *Loeb*, 600 F.2d at 1011. At the prima facie stage, plaintiff must prove the four elements mentioned above. Once that stage is passed the burden shifts to the defendant to produce some evidence of nondiscriminatory reasons for the dismissal. *Id.* The burden of production is merely "a burden to *articulate or state* a valid reason" that must be "sufficient on its face, to 'rebut' or 'dispel' the inference of discrimination that arises from proof of the prima facie case." *Id.* & n. 5 (emphasis in original). Western Auto has amply carried this burden by reconstructing a performance history fraught with irregularities, problems with record keeping, and an almost pathological incapacity to follow instructions. 662 F.Supp. at 734–39.[2]

Once the employer has presented its reasons, the plaintiff has the burden of *persuading* the court that the reasons proffered are but a pretext, a "coverup" for the wrong reasons. *Loeb*, 600 F.2d at 1012; *cf. Egger Hallquist v. Local 276, Plumbers and Pipefitters Union, AFL–CIO*, 843 F.2d 18 (1st Cir.1988) (in a sex discrimination case, burden on plaintiff to show that proffered reason was not the true reason for the decision); and *Oliver v. Digital Equipment Corp.*, 846 F.2d 103 (1st Cir. 1988) (same in racial discrimination case). Menzel tried to accomplish this task by reasserting the positive side of his work

---

1. The other plaintiff is his wife, Dorothy.

2. Appellant argues that these findings mean that Western Auto had reason to fire him at any time during his employment at Western Auto, thus making the time chosen for the dismissal relevant to his claim. He would consider appellee's reason as one bearing on credibility, that is, a jury issue. Defendant, however, had the burden of producing only *a* reason for the dismissal. The wisdom of the decision is not for us to gauge beyond the basic sufficiency mentioned in *Loeb*, 600 F.2d at 1012 nn. 5 & 6.

history. If his job performance was so flawed, he would have us ask, why was he, for example, transferred to Puerto Rico to a position of greater responsibility? Why the raises? Why the award?

■ Let us, then, examine plaintiff's burden once the defendant has warded off the prima facie attack. Plaintiff must prove that the reason given was not the real reason—"the relevant question is simply whether the given reason was a pretext for illegal discrimination." *Loeb,* 600 F.2d at 1012 n. 5. The task at this stage is different from the one at the prima facie case stage. Plaintiff must disprove the defendant's reasons. *Id.* This is a critical burden, since a finding of pretext is the equivalent of a finding that the employer intentionally discriminated. *See Graefenhain v. Pabst Brewing Co.,* 827 F.2d 13, 18 & n. 7 (7th Cir.1987). The rationale for this burden is that "when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration such as [age]." *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978); *see also Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 899 (3d Cir.1987).

In addition, "plaintiff may proceed with indirect evidence, as by demonstrating that the reason advanced applied to other employees who did not have plaintiff's 'protected' characteristics, but that they were not rejected or fired." *Loeb,* 600 F.2d at 1014. *Cf. McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804–05, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) (evidence relevant to show pretext may include employer's general policy and practice with respect to relevant group, *e.g.,* through statistical evidence). Menzel chose only to restate his prima facie case.

The court below analyzed Menzel's attempts at showing pretext, 662 F.Supp. at 741–44. It first set out the *Loeb* standard: "Plaintiff must prove by a preponderance of the evidence that Menzel's age was the

determining factor in his discharge in the sense that 'but for his employer's motive to discriminate against him because of his age, he would not have been discharged.' [*Loeb,* 600 F.2d] at 1019." *Menzel,* 662 F.Supp. at 741; *see Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1980). The district court correctly identified Menzel's onus, namely, he had to respond to proof that he: 1) was infringing company policy concerning charge-offs; 2) was not following instructions on company policy and administrative and control matters; 3) had authorized an inaccurate statement amounting to $85,000; and 4) had proved incapable of overcoming deficiencies of which he was aware. 662 F.Supp. at 741–42. The court analyzed each argument Menzel presented:

In order to prove that Western Auto's articulated reasons are but a pretext for discrimination plaintiffs have offered Mr. Stanley Hoffman's testimony to try to establish that: 1) from 1977 through 1983 Menzel's performance overall was very good and that in 1983 Menzel had been chosen to head defendant's credit office in Puerto Rico; 2) the overall rating given to Menzel in his 1982 evaluation should have been a high good or a very good overall rating; 3) Menzel received an award on August 21, 1985; and 4) Mr. McCoy did not complain to Menzel about a certain store not having credit applications or about other deficiencies.

Plaintiffs have also offered Mr. McCoy's testimony to try to establish that 1) Menzel got merit increases which were not automatic since some employees did not get merit increases every year; and 2) Menzel had been sent to Puerto Rico to perform a conversion process and said conversion was a success.

*Id.* at 742 (footnotes omitted). The court found that the evidence offered was insufficient to create a genuine issue of fact.

The court's approach is correct. The employer provided specific, nondiscriminatory reasons for the dismissal. The reasons were not so idiosyncratic or questionable as to make plaintiff's task an easy one (*see*

*Loeb*, 600 F.2d at 1012 n. 6). The reason for making the employer articulate the grounds for the dismissal is to assist the employee in making out his or her case. *Loeb*, at 1015. Menzel had to address *those* reasons and show, by a preponderance of the evidence, that they were most probably not the actual reasons. For example, Menzel could have shown that the company policy regarding charge-offs was not imposed strictly except in his case. He could have otherwise explained the alleged failings—or at a minimum prove that he was unaware of Western Auto's dissatisfaction. Menzel presented no evidence to refute his employer's justifications, he did not, therefore, advance past the prima facie showing. The court's treatment of the proof presented by both sides was therefore correct.

Equally correct, therefore, was the court's disposition of this case through summary judgment. To oppose summary judgment, Menzel had to show that there is a dispute "over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). Since different facts will play different roles in the context of different laws, the Court stated that "the substantive law will identify which facts are material." *Id.*

In the case before us, the applicable laws and cases set out the conceptual scheme discussed before. Thus it becomes clear that once the employer has articulated its reasons for the dismissal, the plaintiff must deflate *those* reasons.

Menzel refers to *Graefenhain*, 827 F.2d at 13 for the proposition that courts must look at the evidence cumulatively, namely, not focusing only on the specific reasons offered by the employer; from which Menzel infers that a showing of good performance, generally, can suffice to show pretext. Both statements are at least partially true; but equally unavailing to appellant.

■ In age discrimination cases, "where a company advances specific reasons for a discharge, the plaintiff's rebuttal evidence should be focused on those reasons." *Id.*

at 19 (citing *La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1414 (7th Cir.1984). However, when a company merely alleges inadequacy in job performance, *generally*, then proof of outstanding performance, and of the employer's recognition of the outstanding performance, may be sufficient to rebut the employer's reasons. *Graefenhain, supra,* at 19. Thus, even though courts may sometimes have to look at all the evidence cumulatively, Menzel's argument fails. In this case the employer has produced a work history that shows a pattern of substandard performance in one important facet of Menzel's job—an aspect we may presume became more intolerable as Menzel's responsibilities increased. The court correctly pinpointed the reasons propounded by Western Auto as the issues that needed illumination. Since Menzel did not address the reasons given by Western Auto, there were no material facts in dispute.

Before leaving this issue, we should emphasize that, even if Menzel had succeeded in creating some doubt about the objective correctness of Western Auto's decision to fire him, that would not be enough to sustain plaintiff's appeal. As we have said in affirming summary judgment in a recent ADEA case, "[m]erely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent...." *Dea v. Look*, 810 F.2d 12, 15 (1st Cir.1987). Here, Menzel does not dispute his poor record keeping and the like, but basically argues that the company could not have put so much weight on such factors. That is manifestly insufficient to prove discriminatory intent, especially where the evidence suggests no age-related reason for his discharge.

For these reasons, the district court did not err in deciding the case for the defendant on summary judgment.

### Puerto Rico Law Claims

■ The court also found for defendant under Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. § 146 *et seq.*, which prohibits dismissal for the reason of age. Although generally parallel to the ADEA,

Law 100 differs in one significant aspect: absent just cause for dismissal, the plaintiff's prima facie case creates a rebuttable presumption of discrimination which shifts "to the defendant not only the burden of *producing* the evidence, but also of *persuading* the trier." *Ibáñez Benitez v. Molinos de Puerto Rico*, 114 D.P.R. 42, 51–52 (1983) (emphasis in original). If plaintiff fails to show that there was no just cause, the presumption of discrimination is not activated. Here, the court found there was just cause for the dismissal.[3] In so doing, the court also disposed of Menzel's second claim under Puerto Rican law, seeking indemnification for dismissal without just cause, Law 80 of May 30, 1976, 29 L.P.R.A. § 185a, because the determinative issue in both claims was whether the employer had just cause for the dismissal.

Section 185b provides a listing of several reasons that constitute "just cause."[4] The court found "just cause" under subsections (b) and (c).[5] We see no basis to overturn that finding.[6]

Since Menzel's performance was substandard as defined by § 185b(b), the court's ruling in favor of Western Auto was appropriate.

*Affirmed.*

---

**3.** In a recent Puerto Rico Supreme Court case this reading of §§ 146 and 148 was reaffirmed; see *Báez Garcia v. Cooper Laboratories, Inc.,* No. R–85–279 (Dec. 18, 1987) (if employer shows there was just cause for the dismissal the employee cannot rely on the presumption of discriminatory intent).

**4.** Section 185b:
Good cause for the discharge of an employee of an establishment shall be understood to be:
  a. That the worker indulges in a pattern of improper or disorderly conduct.
  b. The attitude of the employee of not performing his work in an efficient manner or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment.
  c. Repeated violations by the employee of the reasonable rules and regulations established for the operation of the establishment, provided a written copy thereof has been timely furnished to the employee.
  d. Full, temporary or partial closing of the operations of the establishment.
  e. Technological or reorganization changes as well as changes of style, design or nature of the product made or handled by the establishment and in the services rendered to the public.

  f. Reductions in employment made necessary by a reduction in the volume of production, sales or profits, anticipated or prevalent at the time of the discharge.

**5.** The court mentioned, without further explanation, subsection (c) as relevant in this context. The record does not reflect the presence of "reasonable rules and regulations" nor Menzel's receipt of a written copy of the same, as required to activate subsection (c). We do not understand why the court mentioned subsection (c), especially because subsection (b) is clearly applicable and dispositive.

**6.** After oral argument was heard the Puerto Rico Supreme Court issued *Narváez v. Chase Manhattan Bank, N.A.,* No. CE–87–100 (Mar. 30, 1988) which illustrates the aptness of our conclusion. In *Narváez,* after an employee had performed satisfactorily in his position for several years, the employer promoted him to a supervisory position. The employee was unable to perform satisfactorily in his new position. After realizing that the promotion was a mistake, the employer dismissed the plaintiff. There was undisputedly just cause for the dismissal; thus the Court refused to examine the wisdom of the employer's decision.