**Ana Mojica ESCOBAR, Plaintiff,**

**v.**

**OFFICE OF the DISABLED PERSONS INVESTIGATING OFFICIAL, Manuel Ruiz Torres, Former Director, Commonwealth of Puerto Rico, Office of the Governor, Defendants.**

Civ. No. 91–1577 GG.

United States District Court,
D. Puerto Rico.

April 2, 1992.

Jose Antonio Pagan Nieves, Elisa A. Fumero Perez, San Juan, P.R., for plaintiff.

Saldana, Rey & Alvarado, Santurce, P.R., for co-defendant Manuel Ruiz Torres.

## OPINION AND ORDER

GIERBOLINI–ORTIZ, Chief Judge.

This case arises out of the discharge of Ana Mojica Escobar from her position as a secretary to Manuel Ruiz Torres, the Director of the Commonwealth of Puerto Rico's Office of the Disabled Person Investigating Official (ODPIO). The plaintiff alleges that her discharge violated the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. Plaintiff also claims damages under 31 L.P.R.A. § 5144; Civil Code of Puerto Rico, Article 1802; 29 L.P.R.A. § 185(a) Law 80; and 29 L.P.R.A. § 146 Law 100.

Defendant has filed a motion for summary judgment which alleges, among other contentions, that plaintiff has failed to make out a prima facie case under the ADEA. Plaintiff has opposed the summary judgment motion.

We find that plaintiff has not established a prima facie case of age discrimination under the ADEA and that summary judgment is proper for the reasons expressed below. Plaintiff has not alleged any due process violations based on the Fourteenth Amendment, and finding no independent grounds for federal jurisdiction we decline to exercise pendent jurisdiction over the claims based on Commonwealth law.

## SUMMARY JUDGMENT

The decision whether or not to grant summary judgment rests on a determination as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Summary judgment is an appropriate remedy "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Not all conflicts of fact will bar summary judgment, "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is that there be no *genuine* issue of *material* fact." *Liberty Lobby*, 477 U.S. at 247, 248, 106 S.Ct. at 2509–10, 2510 (emphasis in original); *see also Medina Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 7–8 (1st Cir.1990).

■ The nonmoving party bears the burden of production of showing that summary judgment is not appropriate by coming forward with specific facts showing that there is a genuine issue for trial, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586, 587, 106 S.Ct. 1348, 1356, 1356, 89 L.Ed.2d 538 (1986); *R.J. Reynolds*, 896 F.2d at 8.

■ In deciding whether summary judgment is proper, the court must view the record in the light most favorable to the party opposing such motion. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A nonmoving party's evidence cannot be merely colorable, but must be significantly probative to show differing versions of the facts which justify a trial, *R.J. Reynolds*, 896 F.2d at 8, 10. "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *R.J. Reynolds*, 896 F.2d at 8; *see also Oliver v. Digital Equipment Co.*, 846 F.2d 103, 109–110 (1st Cir.1988); and *Dea v. Look*, 810 F.2d 12, 16 (1st Cir.1987).

## ADEA

■ In an ADEA action, the central issue is "whether or not plaintiff was discharged "because of his age", 29 U.S.C. § 623." *Loeb v. Textron*, 600 F.2d 1003, 1019 (1st Cir.1979); *see also Hebert v. Mohawk Rubber Co.*, 872 F.2d 1104, 1110 (1st Cir.1989). Our circuit found that for a plaintiff to prevail in an ADEA action, "he had to prove by a preponderance of the evidence that his age was the 'determining factor' in his discharge in the sense that, 'but for' his employer's motive to discriminate against him because of age, he would not have been discharged." *Loeb*, 600 F.2d at 1019 n. 25; *see also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n. 10, 96 S.Ct. 2574, 2580 n. 10, 49 L.Ed.2d 493 (1976); and *Hebert*, 872 F.2d at 1110.

■ To prove an age discrimination claim under the ADEA, a plaintiff must make out a prima facie case of discrimination, which then creates a rebuttable presumption that a civil rights violation occurred.[1] The prima facie analysis in ADEA actions is adapted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), a Supreme Court case in the area of private, non class actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The application of a modified *McDonnell Douglas* analysis to ADEA actions has received express approval in this circuit. *Loeb*, 600 F.2d at 1010.

■ To make out a prima facie case under the ADEA, a plaintiff must show,

1) she was within the protected age group, that is, 40–70 years of age;

2) she was fired (actually or constructively);

3) she was qualified for the job she was fired from, i.e. doing her job well enough to rule out the possibility that she was fired

---

1. Plaintiffs need not always use the prima facie formula to show age discrimination in an ADEA case. If a plaintiff presents direct evidence of discrimination or circumstantial evidence other than that outlined in *Loeb, supra, i.e.* statistical evidence of discriminatory hiring patterns and practices, then plaintiff may still be entitled to a day in court. *Hebert*, 872 F.2d at 1110, n. 7; *see also R.J. Reynolds*, 896 F.2d at 10; *Menard v. First Security Services Corp.*, 848 F.2d 281, 287–288 (1st Cir.1988); and *Loeb*, 600 F.2d at 1017. We will address this issue below.

for inadequate job performance, absolute or relative;[2] and

■ 4) she was replaced by someone with qualifications similar to her own, thus showing a continued need for the same services and skills.[3] *Hebert*, 872 F.2d at 1110.

■ Defendant concedes that plaintiff has demonstrated that the first two elements of her prima facie case are met, since she was fired from her position, and her age at the time of her firing was 51 years, an age within the protected age group. Defendant alleges that plaintiff fails to state a prima facie case, since her work did not meet her employer's legitimate expectations (element 3); and since plaintiff was replaced by two individuals, one of whom, Basilia Rivera, was 45 years of age, she was not replaced by someone outside the protected class (element 4). We have already addressed the erroneous characterization of this fourth element by defendant, *see* f.n. 3, *infra*. We need not dwell further on this point, since we find that plaintiff fails to establish element three, and thus does not make out a prima facie case.

Defendant Ruiz Torres in his sworn statement articulated two reasons for his decision to fire plaintiff which were unrelated to age,

1) that plaintiff conveyed to defendant "unrequested information about the personal affairs of other employees of the agency", and

2) that plaintiff "acted in a disrespectful manner toward me personally."

*See* Defendant's Motion for Summary Judgment, ("defendant's motion") exhibit II.

The Equal Employment Opportunity Commission (EEOC) also examined plaintiff's ADEA claim and denied such claim,

finding that plaintiff was terminated because "she did not earn the trust of the new Ombudsman. Charging party exhibited behavior such as talking behind the Ombudsman's back, which was considered undesirable qualities in a Confidential Secretaty. [sic] Respondent felt that charging party was also disrespectful to the Ombudsman." *See* Defendant's motion, exhibit III.

■ While the EEOC's findings of fact are not binding on this court, they are not without some evidentiary weight, especially if the factual allegations contained within are not directly addressed by the plaintiff.

We find that plaintiff Mojica Escobar's position as secretary to defendant Ruiz Torres was a confidential one. 3 L.P.R.A. § 532f(b) (1988) expressly gives the Director of the Office of the Disabled Persons Investigating Official (ODPIO Investigating Official) the authority, "To appoint the personnel needed to carry out the purposes of this chapter, which shall be included in the category of *confidential employees*, as said term is defined in sections 1301–1431 of this title," (Emphasis added). 3 L.P.R.A. § 1350 (1988) defines "confidential employees" as "those who intervene or collaborate substantially in the formulation of public policy, ... or render direct services to the head of the agency, such as:

1) Officers appointed by the Governor, their *personal secretaries* and drivers ...

2) Heads of agencies, their *personal secretaries* and drivers ..." 3 L.P.R.A. § 1350 (1988) (emphasis added).

3 L.P.R.A. § 1350 goes on to state that "Confidential employees shall be of free selection and removal." *Id.* Although the characterization of an employee as "confidential" is not conclusive, *see Vázquez Ríos v. Hernández Colón*, 819 F.2d 319, 323 (1st Cir.1987); and *Santiago Correa v. Hernández Colón*, 637 F.Supp. 1159 (D.P.R.

---

**2.** This element has also been stated as plaintiff's "work was sufficient to meet his employer's legitimate expectations." *R.J. Reynolds*, 896 F.2d at 8.

**3.** The First Circuit has explicitly held that a plaintiff as part of her prima facie case "need not go so far", as to show that she was replaced

"by a younger person or person outside the protected age group." *Hebert*, 872 F.2d at 1110 n. 10; *explaining Menard*, 848 F.2d at 285; and *Dea*, 810 F.2d at 14, n. 1. Defendant's assertion of this as an element of plaintiff's prima facie case is erroneous.

1986) (label of employee as "confidential" in political discrimination context does not end inquiry), *aff'd in part, vacated in part on other grounds and remanded,* 835 F.2d 395, 398 (1st Cir.1987); courts have held that confidential secretaries can be fired for lack of their employer's confidence in them, even though they do not hold policy making positions. *Soderbeck v. Burnett County, Wisc.,* 752 F.2d 285, 288 (7th Cir. 1985).

We find that plaintiff, as secretary to the director of the ODPIO occupied a position of trust, such that she could be fired for her employer's lack of confidence in her performance. The characterization by plaintiff of her own position with the OD-PIO as a "position of trust" in her letter of March 7, 1989 and in the complaint lends credence to our finding, *see* Defendant's motion, exhibit I; as does paragraph 17 of the complaint's labelling of the responsibilities of her position as including "confidential matters".

 We find that an employer has a legitimate expectation that his confidential secretary be someone whom can be trusted to keep office matters private, and to not undermine her employer's stature with other personnel. Ruiz Torres' sworn statement and the EEOC findings of fact, if true would indicate that plaintiff's performance did not meet her employer's legitimate expectations. Plaintiff has the burden of establishing that her performance met her employer's legitimate expectations to establish a prima facie case of age discrimination under the ADEA, which she has failed to do. We find less than credible plaintiff's allegations in her complaint that defendant Ruiz Torres had a "preconceived plan to discharge her", since all defendant had to do to successfully carry out his alleged preconceived plan, was to accept plaintiff's tendered resignation of March 7, 1989.

Plaintiff's opposition to the motion for summary judgment never specifically addresses certain facts asserted in Defendant's Statement of Material and Undisputed Facts (Defendant's statement), such as:

1) plaintiff's conveyance to defendant of unrequested information about personal affairs of other ODPIO employees, and plaintiff's disrespectful manner towards the defendant, the Investigating Official; and

2) the EEOC finding that plaintiff talked behind the Ombudsman's back, and was disrespectful to the Ombudsman. *See* Defendant's statement, paragraphs 10, 15. The failure of plaintiff to even contest these issues is fatal to her claim.

The cases cited by plaintiff, *Connell v. Bank of Boston,* 924 F.2d 1169, 1172 (1st Cir.1991); and *Olivera v. Nestle Puerto Rico, Inc.,* 922 F.2d 43, 50 (1st Cir.1990), are both distinguishable, since the relevance of the language plaintiff quotes from these cases, is expressly conditional on plaintiff having first established a prima facie case. Because we find plaintiff has failed to meet this initial hurdle we need not go further. But since plaintiff has asserted that defendant Ruiz Torres' sworn statements are a mere pretext to hide his true reasons for firing plaintiff, we will complete the sequential analysis used for ADEA claims, and examine the issue of pretext.

 In an ADEA claim the plaintiff maintains the burden of persuasion throughout the case. *Menzel v. Western Auto Supply Company,* 848 F.2d 327, 328 (1st Cir.1988). At Step 1, plaintiff must prove the four elements needed to establish the prima facie case. Only if plaintiff establishes a prima facie case, must a court go on to Step 2, where the burden of production shifts to the defendant to articulate a valid reason for such dismissal, to rebut the inference of discrimination which arises from plaintiff's establishment of a prima facie case. *Loeb,* 600 F.2d at 1011–1012, n. 5. The defendant has only the burden of articulating—not necessarily proving—a valid non-discriminatory reason for dismissal, and upon proffering a facially legitimate nondiscriminatory rationale, the inference of discrimination raised by plaintiff's establishment of a prima facie case disappears. *R.J. Reynolds,* 896 F.2d at 9.

The First Circuit has made clear that, "merely making out a prima facie case does not automatically save appellant from

a summary judgment motion." "Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's reason is stated, until and unless the latter is shown to be a pretext." *Dea*, 810 F.2d at 15–16; *quoting Loeb*, 600 F.2d at 1015.

■ At Step 3, if defendant articulates a valid non-discriminatory rationale for plaintiff's dismissal, then plaintiff, unassisted by the original presumption of discrimination, bears the burden of persuasion to show that defendant's employer's stated rationale is but a pretext for age discrimination. *R.J. Reynolds*, 896 F.2d at 9; and *Menzel*, 848 F.2d at 328. After defendant articulates a valid non-discriminatory rationale, plaintiff has the burden of persuasion on two separate issues at Step 3:

1) plaintiff must produce "specific facts which would enable a jury to find that the reason given" by defendant was a sham; and

2) plaintiff must show that the sham rationale given, was specifically a "sham intended to cover up the employer's real motive: age discrimination."

*R.J. Reynolds*, 896 F.2d at 9.

■ Plaintiff asserts in her opposition to the motion for summary judgment that the neutral reasons proffered by defendant Ruiz Torres, such as plaintiff's poor performance, are but a "mere pretext which serves to try to contest the real issues" in this case. *See* Plaintiff's opposition at paragraph 13. Plaintiff asserts as evidence of pretext the facts:

1) that plaintiff had performed under different directors prior to Ruiz Torres' appointment;

2) that plaintiff had received merit awards, salary increases, and commendations as well as above average evaluations during her three years at the ODPIO;

3) that defendant asked plaintiff to train another younger employee the day before firing her.

*See* Plaintiff's opposition at paragraphs 7, 10, 19(d), 20; and Plaintiff's complaint at paragraphs 7, 12, 13, and 15–20.

The first of these contentions is the easiest to dismiss, since its assumption that she performed well under different ODPIO directors prior to the appointment of Ruiz Torres, is belied by plaintiff's own allegations in her complaint, that she had problems with a prior director, José Ferdinand González. *See* Plaintiff's complaint at paragraphs 6 and 7.

Plaintiff's second contention is that the awards, salary increases and commendations she received at work, show that defendant Ruiz Torres' assertions are merely pretextual. The flaw with plaintiff's argument is that it makes a case for her general competency at work, but it fails to address defendant's specific contentions that plaintiff talked behind defendant's back, was disrespectful to him, and conveyed unrequested personal information to him regarding other employees. This circuit has held that when a defendant employer has provided "specific non-discriminatory reasons" for a dismissal, then a plaintiff must address "those reasons and show, by a preponderance of the evidence, that they were most probably not the actual reasons." *Menzel*, 848 F.2d at 329–330.

*Menzel* states that if an employer alleges general inadequacy in job performance, then proof of outstanding job performance may be sufficient to rebut the articulated reasons; but if plaintiff's rebuttal evidence fails to address specific reasons advanced, then summary judgment is appropriate for defendant since no material facts remain in dispute. *Id.* at 330.

■ The third reason plaintiff gives, that she trained a younger person who then replaced her, is still not adequate to meet plaintiff's burden of persuasion on pretext. Plaintiff must disprove defendant's reasons to prevail on the issue of pretext, since a finding of pretext is the equivalent of finding intentional discrimination. *Menzel*, 848 F.2d at 329. "The rationale for this burden is that, 'when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based

his decision on an impermissible consideration such as [age].'" *Id.* at 329; *quoting Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978); *see also Loeb,* 600 F.2d at 1012–1013.

Plaintiff fails to meet her burden of proof on pretext, by just questioning defendant's articulated reasons, "Merely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent, for '[T]he defendant need not persuade the court that it was actually motivated by the proffered reasons' in the first place. To hold otherwise would impose on the defendant an almost impossible burden of proving 'absence of discriminatory motive.'" *Dea,* 810 F.2d at 15; *quoting White v. Vathally,* 732 F.2d 1037, 1043 (1st Cir.1984); *quoting Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–254, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207. Plaintiff's failure to address defendant's specific non-discriminatory reasons means that summary judgment is proper here.

Assuming, arguendo, that plaintiff has rebutted defendant's specifically articulated non-discriminatory reason, showing it to be pretextual, plaintiff has only met half of her burden at Step 3, since she must still show that the "reasons, if pretextual, were pretexts *for age discrimination.*" *R.J. Reynolds,* 896 F.2d at 9 (emphasis in original). Nowhere in plaintiff's complaint, opposition, or sworn affidavit if there any colorable evidence, much less "significantly probative" evidence to show that any "pretextual" argument made by defendant was designed to cover up "age discrimination." *Id.* at 9. The cupboard is simply bare on this point.

Plaintiff also fails to fit her complaint within the category of cases where age discrimination can be proven without the aid of the *McDonnell Douglas* analysis, and its burden-shifting framework of the prima facie case. *Menard,* 848 F.2d at 287, 288. There is no showing here of a pattern and practice of discriminatory firing like in *International Brotherhood of Teamsters v. U.S.,* 431 U.S. 324, 359, 97 S.Ct. 1843, 1866–67, 52 L.Ed.2d 396 (1977); *cited in Loeb,* 600 F.2d at 1017. To the contrary, of the nine employees defendant Ruiz Torres terminated during his tenure, plaintiff was the only one in the protected age group. *See* defendant's statement at paragraph 15; *see also Menard,* 848 F.2d at 281 n. 4 (Evidence that *two* members in protected group were fired is too limited statistical proof to reasonably infer discriminatory intent); and *R.J. Reynolds,* 896 F.2d at 10.

There is also no direct evidence presented here other than the type used in the *McDonnell Douglas* prima facie case analysis, *see Hebert,* 872 F.2d at 1110 n. 7; *Menard,* 848 F.2d at 288, and *Loeb,* 600 F.2d at 1017.

This case is thus subject to the *McDonnell Douglas* analysis and summary judgment is appropriate since plaintiff has failed to establish a prima facie case under the ADEA. Plaintiff here, like in the *Menard* case, has failed to show that she performed her job at a level which met defendant's legitimate expectations. *Menard,* 848 F.2d at 285. Plaintiff has failed to show that she was doing her job "well enough to *rule out the possibility* that [s]he was fired for inadequate job performance, absolute or relative." *Id., quoting Loeb,* 600 F.2d at 1012.

There is uncontroverted factual evidence in the record sufficient to show that plaintiff, a confidential employee, failed to secure the trust of her employer and was discharged for that reason. The only affidavit submitted by plaintiff here was purely conclusory and failed to address the specific non-discriminatory rationale for her dismissal put forth by defendant Ruiz Torres. We find no genuine issue of material fact remaining, such as would preclude granting defendant's motion for summary judgment, *Matsushita Electric Industrial Co.,* 475 U.S. at 574, 106 S.Ct. at 1348; instead we find that plaintiff's case is based merely on "conclusory allegations" and "unsupported speculation." *R.J. Reynolds,* 896 F.2d at 8.

In accordance with the above, we GRANT defendant's motion for summary

judgment on the ADEA claim. We DE-CLINE to exercise pendent jurisdiction over the claims arising under Commonwealth law, since there is no federal question remaining in this case. Judgment will be entered in accordance with the above opinion.

SO ORDERED.