960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carl M. BROWN, Plaintiff, Appellant,
v.
THE GOVERNOR BAXTER SCHOOL for the DEAF, Defendant, Appellee.
 91-1941.
 United States Court of Appeals, First Circuit.
 April 15, 1992
 
 Richard W. Elliott, with whom Richard W. Elliott, II and Elliott & Elliott were on brief, for appellant.
 Peter H. Stewart, Assistant Attorney General, with whom Michael E. Carpenter, Attorney General, and Cabanne Howard, Deputy Attorney General, were on brief, for appellee.
 Before Selya, Circuit Judge, Coffin, Senior Circuit Judge, and Young,9* District Judge.
 Per Curiam.
 
 
 1
 This appeal requires us to address but a single question: did the district court, following a jury verdict in favor of the plaintiff, correctly grant the defendant's motion for judgment n.o.v.? We have approached this inquiry mindful that the verdict winner deserves the full benefit of a very favorable standard of review. In assaying the order below, we may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. Rather, we must examine the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmovant.... A judgment notwithstanding the verdict should be granted only when the evidence, viewed from this perspective, is such that reasonable persons could reach but one conclusion.
 
 
 2
 Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987) (citations omitted).
 
 
 3
 Having carefully examined the record, read the parties' briefs, and entertained oral argument, we are fully persuaded that the grant of judgment n.o.v. should be affirmed for substantially the reasons set forth in the magistrate judge's memorandum decision, Brown v. Governor Baxter School, Civ. No. 90-0007 P (D. Me. Aug. 15, 1991). We add only a few brief comments.
 
 
 4
 The jury verdict in plaintiff's favor was on a claim under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1988). When, as here, the burden-shifting framework has run its course in an ADEA wrongful-discharge case, a reviewing court must focus not on the plaintiff's prima facie case, but on what we have termed "the ultimate question," that is, "whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision [to fire the employee]." Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991). To survive that level of scrutiny, the plaintiff must produce some probative evidence of a particularized discriminatory animus. Id. at 825-26. The evidence produced must be sufficiently sturdy so that "a rational jury could infer, without the most tenuous insinuation," that the employer's professed reason for firing the plaintiff "was actually a pretext for age discrimination." Id. at 826 (emphasis in original). The record before us contains no such accumulation of probative evidence. The scraps to which plaintiff points, even when taken in the light most congenial to his cause, are less weighty than the evidence we have ruled inadequate in a series of other, comparable cases. See, e.g., id.; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9-10 (1st Cir. 1990); Menzel v. Western Auto Supply Co., 848 F.2d 327, 329-30 (1st Cir. 1988); Dea v. Look, 810 F.2d 12, 15 (1st Cir. 1987).
 
 
 5
 We need go no further. Because we, like the district court, are unable to find in this record any evidence fairly probative of age discrimination, we must affirm the judgment below. The ADEA, after all, "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Freeman v. Package Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988).
 
 
 6
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation