Cecilia De La GARZA BLIZZARD,
Plaintiff,

v.

SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICIENCIA DE PUERTO RICO a/k/a Hospital Auxilio Mutuo, Defendant.

Civ. No. 91–2327 (JP).

United States District Court,
D. Puerto Rico.

March 18, 1992.

**32**

José E. Fernández Sein, Nachman & Fernández Sein, Santurce, P.R., for plaintiff.

Rafael Vissepó Vázquez, Lespier & Muñoz Noya, San Juan, P.R., for defendant.

### OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant's Motion for Summary Judgment, in this suit for age discrimination by a former secretary of Hospital Auxilio Mutuo. The plaintiff claims age discrimination pursuant to both federal and Puerto Rico Commonwealth statutory laws. The defendant's Motion for Summary Judgment must be granted and the Jury Trial of March 24, 1992 vacated, for the following reasons.

### ADEA CLAIM

Suits for age discrimination pursuant to the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §§ 621–634 (1988), are subject to the burden shifting forms of proof articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff in an ADEA discrimination suit bears the ultimate burden of proving that her years were the determinative factor in her discharge, that is, that she would not have been fired but for her age. *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1335 (1st Cir.1988). The Court notes that the plaintiff has successfully set forth a prima facie case of age discrimination under ADEA which raises the inference of age discrimination. A prima facie case was raised because the plaintiff successfully demonstrated that: 1) the plaintiff was over forty; 2) her work performance was satisfactory; 3) her employer took adverse action against her; and 4) the employer sought a replacement thus revealing a continued need for the same services and skills. *Menzel v. Western Auto Supply Co.*, 848 F.2d 327, 328 (1st Cir.1988). Specifically, the record shows that: 1) the plaintiff was fifty-nine years of age at the time of her termination (Proposed Pretrial Order, Uncontested Material Fact no. 1); 2) the parties have stipulated that her work performance was satisfactory (ISC Order, Stipulated Fact no. 3); 3) the plaintiff was terminated on April 26, 1990 (Proposed Pretrial Order, Uncontested Material Fact no. 1); and 4) the defendant hired another person to fill the position which the plaintiff had been offered (Proposed Pretrial Order, Uncontested Material Fact no. 4).

Yet the Court's inquiry does not end with the establishment of a prima facie case. It is then the defendant's burden to articulate a legitimate nondiscriminatory reason for the adverse employment decision. *Watlington v. Univ. of Puerto Rico*, 751 F.Supp. 318, 327 (D.P.R.1990) (Pieras, J.). The defendant's burden is only one of production and not that of persuasion, because the duty of proving discrimination remains the plaintiff's at all times. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 & 256, 101 S.Ct. 1089, 1093 & 1095, 67 L.Ed.2d 207 (1981). In the instant case, the defendant has submitted a number of sworn statements with its Motion for Summary Judgment, which illustrate that the plaintiff was terminated for a legitimate nondiscriminatory reason. Prior to the termination, the plaintiff was informed that her position as secretary to Dr. Calixto Romero, would be closed once Dr. Calixto Romero resigned from his position as Director of the Medical Direction section of the hospital. Rather than terminate the plaintiff outright, the defendant offered the plaintiff the option of a secretarial position in the Purchasing Department. When the plaintiff failed to unqualifiedly accept the position or report for

work at the Purchasing Department, the defendant was compelled to seek another candidate for the position. As the defendant has articulated a legitimate nondiscriminatory reason for the termination, the inference raised by the prima facie case dissolves. *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 9 (1st Cir. 1990).

█ The next and last step of the *McDonnell Douglas* framework, requires that the plaintiff show that the employer's proffered reason is actually a pretext for the age discrimination alleged. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978). Although, in a motion for summary judgment "the *McDonnell Douglas* framework falls by the wayside." *Mesnick v. General Electric Co.*, 950 F.2d 816, 824 (1st Cir. 1991). "[T]he ultimate question becomes whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision. That is to say, so long as the employer's proffered reason is facially adequate to constitute a legitimate, nondiscriminatory justification for the employer's actions, the trial court's focus in deciding a Rule 56 motion must be on the ultimate question, not on the artificial striations of the burden-shifting framework." *Id.* at 825 (citations omitted). Therefore at this stage the plaintiff must offer evidence both of pretext and of the employer's discriminatory animus in order to prevail against a motion for summary judgment. *Id.*

█ The plaintiff asserts that she had accepted the position, but had not reported to the Purchasing Department because she was awaiting word from Personnel Director Angel Rodriguez Elias. Yet it is only when the plaintiff was informed of her termination on April 26, 1990, that she drafted a letter to defendant asserting that she had indeed accepted the secretarial position in the Purchasing Department. Although plaintiff's statement differs from the defendant's nondiscriminatory rationale

for the termination, it fails to demonstrate how the defendant's offered rationale was a pretext for age discrimination.[1] Furthermore, the plaintiff has failed to demonstrate, let alone suggest a discriminatory animus on the part of the defendant. The plaintiff proposes that the employment of an individual from outside the hospital personnel pool at a lower salary than it would have been required to offer the plaintiff, is proof that the defendant profited financially from the termination of the plaintiff. The plaintiff fails to note that a motive of financial profit is irrelevant in an age discrimination suit. The "ADEA does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1341 (1st Cir.1988). "Courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscretionary business decision." *Mesnick* 950 F.2d at 825 (citations omitted). Therefore, the plaintiff has failed to sustain its burden of raising a genuine *material* issue of fact under ADEA, and summary judgment must be entered accordingly. Fed.R.Civ.P. 56.

PUERTO RICO LAW CLAIM

█ The plaintiff also filed an age discrimination claim pursuant to Puerto Rico Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. § 146 (1985) *et seq.* Although Law 100 generally parallels the prohibitions of ADEA, unlike ADEA, under Law 100 "absent just cause for dismissal, the plaintiff's prima facie case creates a rebuttable presumption of discrimination which shifts 'to defendant not only the burden of *producing* the evidence, but also of *persuading* the trier.'" *Menzel v. Western Auto Supply Co.*, 848 F.2d 327, 330–31 (1st Cir.1988) (citation omitted). Just as in the *Menzel* case, the plaintiff has failed to show that there was no just cause and accordingly the presumption of discrimina-

---

1. Thus it is irrelevant whether or not the defendant failed to comply with its Manual of Norms and Procedures which required that the plaintiff

be included in a re-entry registry after her termination.

tion is not activated. In fact, the defendant has shown that there was just cause for the termination pursuant to Puerto Rico Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185b (Supp.1988). Under Law 80's list of factors which constitute just cause for termination, the defendant has shown that the termination was a result of "[f]ull, temporary or partial closing of the operations of the establishment." 29 L.P.R.A. § 185b(d) (Supp.1988). The Medical Direction section of Hospital Auxilio Mutuo ceased to operate after the resignation of its Director Dr. Calixto Romero. Thus, the plaintiff has also failed to sustain its burden with regard to the Puerto Rico age discrimination claims. Fed.R.Civ.P. 56. Summary judgment shall be entered accordingly.

CONTRACT CLAIM

■ The defendant's Motion for Summary Judgment fails to address the plaintiff's breach of contract claim. As the employment offer at issue is not a contract which must appear in a public instrument or be in writing pursuant to 31 L.P.R.A. § 3453 (1991), there is a genuine issue of material fact as to whether the parties entered into a contractual relationship from the conversations which were conducted. Yet the contract claim involves issues of purely Puerto Rico Commonwealth law. Given the fact that the Court has disposed of all other claims, we now decline to exercise our discretionary pendent jurisdiction over the remaining contract claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Massachusetts Universalist Convention v. Hildreth & Rogers Co.,* 183 F.2d 497, 501 (1st Cir.1950).

Wherefore, in view of the foregoing, the Motion for Summary Judgment is hereby GRANTED, and the remaining contract claim is DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.