USCA1 Opinion

 

 September 29, 1992 [NOT FOR PUBLICATION] _________________________ No. 92-1454 CECILIA DE LA GARZA BLIZZARD, Plaintiff, Appellant, v. SOCIEDAD ESPANOLA DE AUXILIO MUTUO Y BENEFICENCIA DE PUERTO RICO, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Boyle,* District Judge. ______________ _________________________ Jose E. Fernandez-Sein, with whom Nachman & Fernandez-Sein ______________________ _________________________ was on brief, for appellant. R. Alex Fleming, with whom Lespier & Munoz Noya was on _________________ ______________________ brief, for appellee. _________________________ _________________________ __________ *Chief Judge, United States District Court for the District of Rhode Island, sitting by designation. Per Curiam. This is a failure-to-hire suit brought ___________ pursuant to the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-634 (1988). The complaint also asserted pendent claims under Puerto Rico law. The district court granted summary judgment in the defendant's favor on the ADEA claim and on an age discrimination claim brought pursuant to Puerto Rico Law No. 100, 29 L.P.R.A. 146 (1985). De La Garza ___________ Blizzard v. Sociedad Espanola, Etc., 787 F. Supp. 31 (D.P.R. ________ ________________________ 1992).1 Plaintiff appeals. We affirm. This case is governed in the first instance by the burden-shifting framework of McDonell Douglas Corp. v. Green, 411 ______________________ _____ U.S. 792, 802-05 (1973). Here, although the lower court questioned whether the plaintiff had established a prima facie _____ _____ case, we assume arquendo, favorably to plaintiff, that the first ________ burden, plaintiff's demonstration of a prima facie case, was _____ _____ met. The next burden -- articulating a legitimate, nondiscriminatory basis for the adverse employment decision -- belongs to the employer. See, e.g., Hebert v. Mohawk Rubber Co., ___ ____ ______ _________________ 872 F.2d 1104, 1110 (1st Cir. 1989). This burden, too, was satisfied: the defendant supplied evidence that the job was offered to the plaintiff, but that she "failed unqualifiedly to accept the position or report for work. . . , " De La Garza ____________ Blizzard, 787 F. Supp. at 32-33, thus leaving the defendant no ________ choice but to hire another person. ____________________ 1The district court dismissed other pendent claims without prejudice, there being no remaining federal question. 787 F. Supp. at 34. The plaintiff does not contest this ruling. 2 This brings us to the third, and last, step. The court below found this step dispositive. It premised its order, inter _____ alia, on a finding that plaintiff "failed to demonstrate . . . ____ [or] suggest a discriminatory animus on the part of the defendant." Id. at 33. On appeal, plaintiff has been unable to __ cast the slightest doubt upon this finding. That ends the case. When, as here, the focus is on what we have termed "the ultimate question," that is, "whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision" to fire (or not to hire) the affected individual, Mesnick v. General Elec. Co., 950 F.2d 816, _______ __________________ 825 (1st Cir. 1991), cert. denied, 112 S. Ct. 2965 (1992), the _____ ______ plaintiff must produce some probative evidence of a particularized discriminatory animus in order to survive summary judgment. Id. at 825-26. The evidence produced must be ___ sufficiently sturdy so that "a rational jury could infer, without the most tenuous insinuation," that the employer's professed reason for taking the adverse employment action "was actually a pretext for age discrimination." Id. at 826 (emphasis in ________________________ ___ original). The record before us contains no such evidence. The inference of discrimination that the plaintiff asks us to draw is too attenuated to be taken seriously. Indeed, the documented facts of record here, viewed in the light most congenial to plaintiff's cause, have less heft than evidence that we have judged in other, comparable cases to weigh too little. See, e.g., id.; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 ___ ____ ___ ____________ __________________________ 3 F.2d 5, 9-10 (lst Cir. 1990); Menzel v. Western Auto Supply Co., ______ ________________________ 848 F.2d 327, 329-30 (1st Cir. 1988); Dea v. Look, 810 F.2d 12, ___ ____ 15 (lst Cir. 1987). At bottom, the plaintiff is arguing that it was unnecessary for her to produce evidence of discriminatory animus per se because such animus can (and should) be inferred ___ __ from a showing of pretext, without more. Because this argument flies in the teeth of settled circuit precedent, see, e.g., ___ ____ Mesnick, supra; Medina-Munoz, supra; Menzel, supra; Dea, supra; _______ _____ ____________ _____ ______ _____ ___ _____ see also Connell v. Bank of Boston, 924 F.2d 1169, 1175 (lst ___ ____ _______ _______________ Cir.), cert. denied, 111 S. Ct. 2828 (1991), it must be rejected. _____ ______ We refuse to linger over the Law 100 claim. In the district court, plaintiff argued the ADEA and Law 100 claims as an indivisible unit. See Plaintiff's Opposition to Motion for ___ Summary Judgment (March 16, 1992). She cannot now be heard to complain that the Law 100 claim should be judged by a different standard. See Mesnick, 950 F.2d at 829 n.11; see also McCoy v. ___ _______ ___ ____ _____ Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir. ___________________________________ 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal."), cert. denied, 112 S.Ct. 1939 (1992). _____ ______ We need go no further.2 Because we, like the district ____________________ 2Plaintiff asserts that she made out a question of pretext vel non by her assertion that she was willing to accept the job ___ ___ if offered, and that the district court mistakenly held to the contrary. If this is so - and it appears to us that plaintiff misreads the district court's opinion - it is beside any relevant point. To survive summary judgment, an age discrimination plaintiff must adduce evidence of both pretext and discriminatory ___ 4 court, are unable to find in this record any evidence fairly probative of age discrimination, and because we are both unable and unwilling to alter clear circuit precedent, we affirm the judgment below. The ADEA, after all, "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Freeman v. Package Machinery Co., 865 F.2d _______ _____________________ 1331, 1341 (1st Cir. 1988). By the same token, the ADEA does not prohibit an employer from refusing to hire an applicant for any reason (fair or unfair) or for no reason, so long as age does not creep into the calculus. Affirmed. ________ ____________________ animus. See text and cases, supra. Absent any showing of the ___ _____ latter, a dispute about the former, even if genuine, is not material. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d ___ ____ _______________ ______ ______ 349, 352 (lst Cir. 1992) (a "material" fact "is one susceptible of altering the outcome of the litigation"). Hence, summary judgment was appropriate, notwithstanding the dispute about pretext. 5