976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Cecilia DE LA GARZA BLIZZARD, Plaintiff, Appellant,
v.
SOCIEDAD ESPANOLA DE AUXILIO MUTUO Y BENEFICENCIA DE PUERTO
RICO, Defendant, Appellee.
 No. 92-1454.
 United States Court of Appeals,
First Circuit.
 Sept. 29, 1992
 
 Appeal from the United States District Court for the District of Puerto Rico Hon. Jaime Pieras, Jr., U.S. District Judge
 Jose E. Fernandez-Sein, with whom Nachman & Fernandez-Sein was on brief, for appellant.
 R. Alex Fleming, with whom Lespier & Munoz Noya was on brief, for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Selya, Circuit Judge, Aldrich, Senior Circuit Judge, and Boyle,* District Judge.
 PER CURIAM.
 
 
 1
 This is a failure-to-hire suit brought pursuant to the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1988). The complaint also asserted pendent claims under Puerto Rico law. The district court granted summary judgment in the defendant's favor on the ADEA claim and on an age discrimination claim brought pursuant to Puerto Rico Law No. 100, 29 L.P.R.A. § 146 (1985). De La Garza Blizzard v. Sociedad Espanola, Etc., 787 F. Supp. 31 (D.P.R. 1992).[1] Plaintiff appeals. We affirm.
 
 
 2
 This case is governed in the first instance by the burden-shifting framework of McDonell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Here, although the lower court questioned whether the plaintiff had established a prima facie case, we assume arquendo, favorably to plaintiff, that the first burden, plaintiff's demonstration of a prima facie case, was met. The next burden-articulating a legitimate, nondiscriminatory basis for the adverse employment decision-belongs to the employer. See, e.g., Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1110 (1st Cir. 1989). This burden, too, was satisfied: the defendant supplied evidence that the job was offered to the plaintiff, but that she "failed unqualifiedly to accept the position or report for work ..., " De La Garza Blizzard, 787 F. Supp. at 32-33, thus leaving the defendant no choice but to hire another person.
 
 
 3
 This brings us to the third, and last, step. The court below found this step dispositive. It premised its order, inter alia, on a finding that plaintiff "failed to demonstrate ... [or] suggest a discriminatory animus on the part of the defendant." Id. at 33. On appeal, plaintiff has been unable to cast the slightest doubt upon this finding. That ends the case. When, as here, the focus is on what we have termed "the ultimate question," that is, "whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision" to fire (or not to hire) the affected individual, Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991), cert. denied, 112 S. Ct. 2965 (1992), the plaintiff must produce some probative evidence of a particularized discriminatory animus in order to survive summary judgment. Id. at 825-26. The evidence produced must be sufficiently sturdy so that "a rational jury could infer, without the most tenuous insinuation," that the employer's professed reason for taking the adverse employment action "was actually a pretext for age discrimination." Id. at 826 (emphasis in original). The record before us contains no such evidence.
 
 
 4
 The inference of discrimination that the plaintiff asks us to draw is too attenuated to be taken seriously. Indeed, the documented facts of record here, viewed in the light most congenial to plaintiff's cause, have less heft than evidence that we have judged in other, comparable cases to weigh too little. See, e.g., id.; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9-10 (1st Cir. 1990); Menzel v. Western Auto Supply Co., 848 F.2d 327, 329-30 (1st Cir. 1988); Dea v. Look, 810 F.2d 12, 15 (1st Cir. 1987). At bottom, the plaintiff is arguing that it was unnecessary for her to produce evidence of discriminatory animus per se because such animus can (and should) be inferred from a showing of pretext, without more. Because this argument flies in the teeth of settled circuit precedent, see, e.g., Mesnick, supra; Medina-Munoz, supra; Menzel, supra; Dea, supra; see also Connell v. Bank of Boston, 924 F.2d 1169, 1175 (1st Cir.), cert. denied, 111 S. Ct. 2828 (1991), it must be rejected.
 
 
 5
 We refuse to linger over the Law 100 claim. In the district court, plaintiff argued the ADEA and Law 100 claims as an indivisible unit. See Plaintiff's Opposition to Motion for Summary Judgment (March 16, 1992). She cannot now be heard to complain that the Law 100 claim should be judged by a different standard. See Mesnick, 950 F.2d at 829 n.11; see also McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal."), cert. denied, 112 S.Ct. 1939 (1992).
 
 
 6
 We need go no further.[2] Because we, like the district court, are unable to find in this record any evidence fairly probative of age discrimination, and because we are both unable and unwilling to alter clear circuit precedent, we affirm the judgment below. The ADEA, after all, "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Freeman v. Package Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988). By the same token, the ADEA does not prohibit an employer from refusing to hire an applicant for any reason (fair or unfair) or for no reason, so long as age does not creep into the calculus.
 
 
 7
 Affirmed.
 
 
 
 *
 Chief Judge, United States District Court for the District of Rhode Island, sitting by designation
 
 
 [1]
 The district court dismissed other pendent claims without prejudice, there being no remaining federal question. 787 F. Supp. at 34. The plaintiff does not contest this ruling
 
 
 [2]
 Plaintiff asserts that she made out a question of pretext vel non by her assertion that she was willing to accept the job if offered, and that the district court mistakenly held to the contrary. If this is so and it appears to us that plaintiff misreads the district court's opinion it is beside any relevant point. To survive summary judgment, an age discrimination plaintiff must adduce evidence of both pretext and discriminatory animus. See text and cases, supra. Absent any showing of the latter, a dispute about the former, even if genuine, is not material. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992) (a "material" fact "is one susceptible of altering the outcome of the litigation"). Hence, summary judgment was appropriate, notwithstanding the dispute about pretext